OPINION
{¶ 1} This cause involves an appeal from a Summary Judgment ruling and a Cross Appeal on the denial of attorney fees based on frivolous conduct by the Court of Common Pleas of Richland County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts presented to this Court are that appellant was employed by appellee/cross appellant Board of Park Commissioners (Board) on July 7, 1977 as a Park Police Officer/laborer. In 1990 he was promoted to Law Enforcement Coordinator.
 {¶ 3} The post of Parks Superintendent became open due to the retirement eligibility of Ms. Darlene Meehan who held such position.
 {¶ 4} Ms. Meehan submitted a job description but the final form involved input from James Bowers, Human Resources Director for the City of Mansfield, Ohio.
 {¶ 5} Such new description contained the following provision:
 {¶ 6} "Bachelor's Degree in Recreation and Parks Administration or Business Administration or related field; or 3 years of parks and/or recreation supervisory experience; or an equivalent combination of education, training and experience."
 {¶ 7} Such description received no formal acceptance or adoption by resolution at any public meeting of the Board.
 {¶ 8} The Board conducted interviews of applicants, including appellant, through the use of a Structured Interview Form.
 {¶ 9} One, Mr. Brubach was ultimately hired in April, 2000 for such position.
 {¶ 10} Appellee, Board, existed as a supervisory body over the Mansfield City Parks Department through December 1, 2000.
 {¶ 11} Effective on such date, Section 11.02 of the Mansfield City Charter was amended to place the Parks Department under the Public Works Department. Appellee there upon became an advisory body only. However, as this occurred after the actions in replacing Ms. Meehan, it is immaterial to this appeal.
 {¶ 12} Appellant initially filed his Complaint asserting several causes of action based on racial violations, political affiliation, defamation and Sunshine Law violations. No injunction was requested.
 {¶ 13} Only the asserted violations of R.C. 121.22 have been appealed although the other claims have a bearing on the cross appeal.
 {¶ 14} The Board filed a motion for attorney fees, after the Summary Judgment was granted, alleging a frivolous lawsuit under R.C. 2323.51, which was denied.
 {¶ 15} Appellant's sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 16} "The Trial Court Erred By Narrowing Plaintiff-appellant's Violation Of Ohio's Sunshine Law Claim And By Granting Summary Judgment In Favor Of Appellees On This Claim."
 {¶ 17} The Cross Appeal states the following Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 18} "The Trial Court Abused Its Discretion In Overruling The Motion For Attorney's Fees Against Counsel For Plaintiff-appellant Ray Scott Filed By Defendants-appellees-cross-appellants Board Of Park Commissioners And The City Of Mansfield, Ohio Pursuant To Ohio Revised Code 2323.51."
 SUMMARY JUDGMENT STANDARD {¶ 19} Civil Rule 56(C) states, in pertinent part:
 {¶ 20} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 21} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 22} The relevant code sections to this appeal are as follows:
 {¶ 23} Revised Code 121.22 Meetings of public bodies to be public; exceptions.
 {¶ 24} "(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.
 {¶ 25} "(B) As used in this section:
 {¶ 26} "(1) `Public body' means any of the following:
 {¶ 27} "(a) Any board, commission, committee, council, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, council, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution;
 {¶ 28} "(b) Any committee or subcommittee of a body described in division (B)(1)(a) of this section;
 {¶ 29} "(c) A court of jurisdiction of a sanitary district organized wholly for the purpose of providing a water supply for domestic, municipal, and public use when meeting for the purpose of the appointment, removal, or reappointment of a member of the board of directors of such a district pursuant to section 6115.10 of the Revised Code, if applicable, or for any other matter related to such a district other than litigation involving the district. As used in division (B)(1)(c) of this section, `court of jurisdiction' has the same meaning as `court' in section 6115.01 of the Revised Code.
 {¶ 30} "(2) `Meeting' means any prearranged discussion of the public business of the public body by a majority of its members.
 {¶ 31} "(3) `Regulated individual' means either of the following:
 {¶ 32} "(a) A student in a state or local public educational institution;
 {¶ 33} "(b) A person who is, voluntarily or involuntarily, an inmate, patient, or resident of a state or local institution because of criminal behavior, mental illness or retardation, disease, disability, age, or other condition requiring custodial care.
 {¶ 34} "(4) `Public office' has the same meaning as in section149.011 [149.01.1] of the Revised Code.
 {¶ 35} "(C) All meetings of any public body are declared to be public meetings open to the public at all times. A member of a public body shall be present in person at a meeting open to the public to be considered present or to vote at the meeting and for purposes of determining whether a quorum is present at the meeting.
 {¶ 36} "The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section.
 {¶ 37} "(D) This section does not apply to any of the following:
 {¶ 38} "(1) A grand jury;
 {¶ 39} "(2) An audit conference conducted by the auditor of state or independent certified public accountants with officials of the public office that is the subject of the audit;
 {¶ 40} "(3) The adult parole authority when its hearings are conducted at a correctional institution for the sole purpose of interviewing inmates to determine parole or pardon;
 {¶ 41} "(4) The organized crime investigations commission established under section 177.01 of the Revised Code;
 {¶ 42} "(5) Meetings of a child fatality review board established under section 307.621 [307.62.1] of the Revised Code and meetings conducted pursuant to sections 5153.171 [5153.17.1] to 5153.173 [5153.17.3] of the Revised Code;
 {¶ 43} "(6) The state medical board when determining whether to suspend a certificate without a prior hearing pursuant to division (G) of either section 4730.25 or 4731.22 of the Revised Code;
 {¶ 44} "(7) The board of nursing when determining whether to suspend a license or certificate without a prior hearing pursuant to division (B) of section 4723.281 [4723.28.1] of the Revised Code;
 {¶ 45} "(8) The state board of pharmacy when determining whether to suspend a license without a prior hearing pursuant to division (D) of section 4729.16 of the Revised Code;
 {¶ 46} "(9) The state chiropractic board when determining whether to suspend a license without a hearing pursuant to section 4734.37 of the Revised Code.
 {¶ 47} "(10) The executive committee of the emergency response commission when determining whether to issue an enforcement order or request that a civil action, civil penalty action, or criminal action be brought to enforce Chapter 3750. of the Revised Code.
 {¶ 48} "(E) The controlling board, the development financing advisory council, the industrial technology and enterprise advisory council, the tax credit authority, or the minority development financing advisory board, when meeting to consider granting assistance pursuant to Chapter 122. or 166. of the Revised Code, in order to protect the interest of the applicant or the possible investment of public funds, by unanimous vote of all board, council, or authority members present, may close the meeting during consideration of the following information confidentially received by the authority, council, or board from the applicant:
 {¶ 49} "(1) Marketing plans;
 {¶ 50} "(2) Specific business strategy;
 {¶ 51} "(3) Production techniques and trade secrets;
 {¶ 52} "(4) Financial projections;
 {¶ 53} "(5) Personal financial statements of the applicant or members of the applicant's immediate family, including, but not limited to, tax records or other similar information not open to public inspection.
 {¶ 54} "The vote by the authority, council, or board to accept or reject the application, as well as all proceedings of the authority, council, or board not subject to this division, shall be open to the public and governed by this section.
 {¶ 55} "(F) Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting.
 {¶ 56} "The rule shall provide that any person, upon request and payment of a reasonable fee, may obtain reasonable advance notification of all meetings at which any specific type of public business is to be discussed. Provisions for advance notification may include, but are not limited to, mailing the agenda of meetings to all subscribers on a mailing list or mailing notices in self-addressed, stamped envelopes provided by the person.
 {¶ 57} "(G) Except as provided in division (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:
 {¶ 58} "(1) To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. Except as otherwise provided by law, no public body shall hold an executive session for the discipline of an elected official for conduct related to the performance of the elected official's official duties or for the elected official's removal from office. If a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held, but need not include the name of any person to be considered at the meeting.
 {¶ 59} "(2) To consider the purchase of property for public purposes, or for the sale of property
 {¶ 60} at competitive bidding, if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest. No member of a public body shall use division (G)(2) of this section as a subterfuge for providing covert information to prospective buyers or sellers. A purchase or sale of public property is void if the seller or buyer of the public property has received covert information from a member of a public body that has not been disclosed to the general public in sufficient time for other prospective buyers and sellers to prepare and submit offers.
 {¶ 61} "If the minutes of the public body show that all meetings and deliberations of the public body have been conducted in compliance with this section, any instrument executed by the public body purporting to convey, lease, or otherwise dispose of any right, title, or interest in any public property shall be conclusively presumed to have been executed in compliance with this section insofar as title or other interest of any bona fide purchasers, lessees, or transferees of the property is concerned.
 {¶ 62} "(3) Conferences with an attorney for the public body concerning disputes involving the public body that are the subject of pending or imminent court action;
 {¶ 63} "(4) Preparing for, conducting, or reviewing negotiations or bargaining sessions with public employees concerning their compensation or other terms and conditions of their employment;
 {¶ 64} "(5) Matters required to be kept confidential by federal law or regulations or state statutes;
 {¶ 65} "(6) Details relative to the security arrangements and emergency response protocols for a public body or a public office, if disclosure of the matters discussed could reasonably be expected to jeopardize the security of the public body or public office;
 {¶ 66} "(7) In the case of a county hospital operated pursuant to Chapter 339. of the Revised Code, to consider trade secrets, as defined in section 1333.61 of the Revised Code.
 {¶ 67} "If a public body holds an executive session to consider any of the matters listed in divisions (G)(2) to (7) of this section, the motion and vote to hold that executive session shall state which one or more of the approved matters listed in those divisions are to be considered at the executive session.
 {¶ 68} "A public body specified in division (B)(1)(c) of this section shall not hold an executive session when meeting for the purposes specified in that division.
 {¶ 69} "(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.
 {¶ 70} "(I)(1) Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.
 {¶ 71} "(2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. The court, in its discretion, may reduce an award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party if the court determines both of the following:
 {¶ 72} "(i) That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;
 {¶ 73} "(ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.
 {¶ 74} "(b) If the court of common pleas does not issue an injunction pursuant to division (I)(1) of this section and the court determines at that time that the bringing of the action was frivolous conduct, as defined in division (A) of section 2323.51 of the Revised Code, the court shall award to the public body all court costs and reasonable attorney's fees, as determined by the court.
 {¶ 75} "(3) Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section.
 {¶ 76} "(4) A member of a public body who knowingly violates an injunction issued pursuant to division (I)(1) of this section may be removed from office by an action brought in the court of common pleas for that purpose by the prosecuting attorney or the attorney general.
 {¶ 77} "(J)(1) Pursuant to division (C) of section 5901.09 of the Revised Code, a veterans service commission shall hold an executive session for one or more of the following purposes unless an applicant requests a public hearing:
 {¶ 78} "(a) Interviewing an applicant for financial assistance under sections 5901.01 to 5901.15
 {¶ 79} of the Revised Code;
 {¶ 80} "(b) Discussing applications, statements, and other documents described in division (B) of section 5901.09 of the Revised Code;
 {¶ 81} "(c) Reviewing matters relating to an applicant's request for financial assistance under sections 5901.01 to 5901.15 of the Revised Code.
 {¶ 82} "(2) A veterans service commission shall not exclude an applicant for, recipient of, or former recipient of financial assistance under sections 5901.01 to 5901.15 of the Revised Code, and shall not exclude representatives selected by the applicant, recipient, or former recipient, from a meeting that the commission conducts as an executive session that pertains to the applicant's, recipient's, or former recipient's application for financial assistance.
 {¶ 83} "(3) A veterans service commission shall vote on the grant or denial of financial assistance under sections 5901.01 to 5901.15 of the Revised Code only in an open meeting of the commission. The minutes of the meeting shall indicate the name, address, and occupation of the applicant, whether the assistance was granted or denied, the amount of the assistance if assistance is granted, and the votes for and against the granting of assistance."
 {¶ 84} Revised Code 2323.51 Frivolous conduct in civil actions.
 {¶ 85} "(A) As used in this section:
 {¶ 86} "(1) `Conduct' means any of the following:
 {¶ 87} "(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action;
 {¶ 88} "(b) The filing by an inmate of a civil action or appeal against a government entity or employee, the assertion of a claim, defense or other position in connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature.
 {¶ 89} "(2) ;Frivolous conduct' means either of the following:
 {¶ 90} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 {¶ 91} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 {¶ 92} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 {¶ 93} "(b) An inmate's commencement of a civil action or appeal against a government entity or employee when any of the following applies:
 {¶ 94} "(i) The claim that is the basis of the civil action fails to state a claim or the issues of law that are the basis of the appeal fail to state any issues of law.
 {¶ 95} "(ii) It is clear that the inmate cannot prove material facts in support of the claim that is the basis of the civil action or in support of the issues of law that are the basis of the appeal.
 {¶ 96} "(iii) The claim that is the basis of the civil action is substantially similar to a claim in a previous civil action commenced by the inmate or the issues of law that are the basis of
 {¶ 97} the appeal are substantially similar to issues of law raised in a previous appeal commenced by the inmate, in that the claim that is the basis of the current civil action or the issues of law that are the basis of the current appeal involve the same parties or arise from the same operative facts as the claim or issues of law in the previous civil action or appeal.
 {¶ 98} "(3) `Civil action or appeal against a government entity or employee,' `inmate,' `political subdivision,' and `employee' have the same meanings as in section 2969.21 of the Revised Code.
 {¶ 99} "(4) `Reasonable attorney's fees' or `attorney's fees,' when used in relation to a civil action or appeal against a government entity or employee, includes both of the following, as applicable:
 {¶ 100} "(a) The approximate amount of the compensation, and the fringe benefits, if any, of the attorney general, an assistant attorney general, or special counsel appointed by the attorney general that has been or will be paid by the state in connection with the legal services that were rendered by the attorney general, assistant attorney general, or special counsel in the civil action or appeal against the government entity or employee, including, but not limited to, a civil action or appeal commenced pro se by an inmate, and that were necessitated by frivolous conduct of an inmate represented by counsel of record, the counsel of record of an inmate, or a pro se inmate.
 {¶ 101} "(b) The approximate amount of the compensation, and the fringe benefits, if any, of a prosecuting attorney or other chief legal officer of a political subdivision, or an assistant to a chief legal officer of those natures, who has been or will be paid by a political subdivision in connection with the legal services that were rendered by the chief legal officer or assistant in the civil action or appeal against the government entity or employee, including, but not limited to, a civil action or appeal commenced pro se by an inmate, and that were necessitated by frivolous conduct of an inmate represented by counsel of record, the counsel of record of an inmate, or a pro se inmate.
 {¶ 102} "(5) `State' has the same meaning as in section 2743.01
of the Revised Code.
 {¶ 103} "(6) `State correctional institution' has the same meaning as in section 2967.01 of the Revised Code.
 {¶ 104} "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action or at any time prior to the hearing in an appeal of the type described in division (A)(1)(b) of this section that is filed by an inmate or within twenty-one days after the entry of judgment in an appeal of that nature, the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.
 {¶ 105} "(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division, but only after the court does all of the following:
 {¶ 106} "(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 {¶ 107} "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 {¶ 108} "(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. If any party or counsel of record who allegedly engaged in or allegedly was adversely affected by frivolous conduct is confined in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, the court, if practicable, may hold the hearing by telephone or, in the alternative, at the institution, jail, or workhouse in which the party or counsel is confined.
 {¶ 109} "(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:
 {¶ 110} "(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;
 {¶ 111} "(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.
 {¶ 112} "(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both.
 {¶ 113} "(5)(a) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded reasonable attorney's fees and the party's counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the reasonable attorney's fees, an itemized list or other evidence of the legal services rendered, the time expended in rendering the services, and whichever of the following is applicable:
 {¶ 114} "(i) If the party is being represented by that counsel on a contingent fee basis, the reasonable attorney's fees that would have been associated with those services had the party been represented by that counsel on an hourly fee basis or another basis other than a contingent fee basis;
 {¶ 115} "(ii) In all situations other than those described in division (B)(5)(a)(i) of this section, the attorney's fees associated with those services.
 {¶ 116} "(b) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded court costs and other reasonable expenses incurred in connection with the civil action or appeal may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the costs and expenses, an itemized list or other evidence of the costs and expenses incurred in connection with that action or appeal, including, but not limited to, expert witness fees and expenses associated with discovery.
 {¶ 117} "(C) An award of reasonable attorney's fees under this section does not affect or determine the amount of or the manner of computation of attorney's fees as between an attorney and the attorney's client.
 {¶ 118} "(D) This section does not affect or limit the application of any provision of the Rules of Civil Procedure, the Rules of Appellate Procedure, or another court rule or section of the Revised Code to the extent that the provision prohibits an award of court costs, attorney's fees, or other expenses incurred in connection with a particular civil action or appeal or authorizes an award of court costs, attorney's fees, or other expenses incurred in connection with a particular civil action or appeal in a specified manner, generally, or subject to limitations."
 I. {¶ 119} We shall address appellee's cross-appeal initially.
 {¶ 120} Appellee in its cross-appeal alleges abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 121} In reviewing the pleadings, motion as to R.C. 2323.51, response and affidavit of counsel, depositions, and other motions and responses, we fail to find that the trial court abused its discretion. Therefore, the cross-appeal is denied.
 {¶ 122} As to appellant's sole Assignment of Error, we have considered all of the applicable materials relevant to a Crim.R. 56 motion de novo.
 {¶ 123} It is important to note that those factual matters subject to this appeal are somewhat limited.
 {¶ 124} In effect, only the matters connected to the job description and the criteria of the interview form are alleged to have resulted in a violation of R.C. 121.22.
 {¶ 125} There is no argument included in this appeal that the action or process resulting in the hiring of Mr. Brubach violated such statute.
 {¶ 126} The documentary record is clear that neither the job description nor interview forms were established at a pre-arranged meeting. These were not prepared by deliberations or discussions between the majority of the Board members.
 {¶ 127} Appellant's sole Assignment of Error is denied.
 {¶ 128} The preparation of these forms is not subject to R.C.121.22.
 {¶ 129} We therefore affirm the trial court's ruling on the appellee's Summary Judgment Motion and, as stated heretofore, his ruling on the issues presented by the cross-appeal.
By: Boggins, J. Wise, P.J. and Edwards, J. concurs in judgment only.